UNITED STATES DISTRICT COURT

FOR THE

DISTRICT OF MASSACHUSETTS

```
* * * * * * * * * * * * * * * * * * * * * * * * * * * * * * *
THOMAS E. PEREZ, SECRETARY OF LABOR,        *
   United States Department of Labor,       *
                                            *
                        Plaintiff,          *
                                            *    CIVIL ACTION
              v.                            *
                                            *    FILE NO. 13-13287
WARD'S CLEANING SERVICE, INC., and          *
DAVID WARD                                  *
                                            *
                        Defendants.         *
* * * * * * * * * * * * * * * * * * * * * * * * * * * * * * *
```

## COMPLAINT

Plaintiff, Secretary of Labor, U.S. Department of Labor, brings this action to enjoin the Defendants from violating the provisions of Sections 7, 11, 15(a)(2), and 15(a)(5) of the Fair Labor Standards Act of 1938 as amended, (52 Stat. 1060, 29 U.S.C. 201 et seq), hereinafter called "the Act", and to recover unpaid wages and liquidated damages pursuant to the provisions of Sections 15(a) (2) and 16(c) of the Act.

I

Jurisdiction of this action is conferred upon this Court by Section 17 of the Act and by 28 U.S.C. Sec. 1345.

II

Defendant WARD'S CLEANING SERVICE, INC. is, and at all times hereinafter mentioned was, a corporation having an office and place of business located at 5 Essex Green

Drive, Peabody, Massachusetts, 01960 within the jurisdiction of this Court, and is now, and at all times hereinafter mentioned was, engaged at that place of business and elsewhere in the operation of a cleaning and contract labor company, providing service employees such as night cleaners, cleaners, and dishwashers to numerous hotels and restaurants.

### III

Defendant DAVID WARD resides at 11 Laurel Hollow Road, Boxford, MA 01921, within the jurisdiction of this Court, and is now, and at all times hereinafter mentioned was, president of the corporation and owner of the business referenced above, and as such actively manages, supervises, and directs the day to day business affairs and operations of said business, including hiring and firing employees and directing the activities and payment of employees. This Defendant has acted at all times material herein directly and indirectly in the interest of said business in relation to its employees and was and is, therefore, an employer of said employees within the meaning of the Act.

### IV

Defendants are, and at all times hereinafter mentioned were, engaged in related activities performed through unified operation or common control for a common business, and they are, and at all times hereinafter mentioned were, an enterprise within the meaning of Section 3(r) of the Act.

### V

At all times hereinafter mentioned, Defendants employed employees in the activities of said enterprise, which is engaged in commerce or in the production of goods for commerce, including employees handling, selling or otherwise working on goods or materials that have been

moved in or produced for commerce. Said enterprise, at all times hereinafter mentioned, has had an annual gross volume of sales made or business done in an amount not less than $500,000.00 (exclusive of excise taxes at the retail level that are separately stated). Therefore, the said employees have been employed in an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s) of the Act.

VI

Defendants have willfully and repeatedly violated and are violating the provisions of Sections 7 and 15(a)(2) of the Act by employing and failing to properly compensate approximately one hundred and forty-nine (149) service employees engaged as night cleaners, cleaners, and dishwashers who provided services to numerous clients, including hotels and restaurants. These employees worked in a number of locations, sometimes for multiple clients, for workweeks longer than forty (40) hours, and received compensation from Defendants for their employment in excess of forty (40) hours in said workweeks, at rates less than one and one-half times the regular rate at which they were employed.

VII

Defendants have willfully and repeatedly violated and are violating the provisions of Sections 11(c) and 15(a)(5) of the Act in that they failed to make, keep, and preserve adequate and accurate records of employees' wages, hours, and other conditions and practices of employment, as prescribed by regulations duly issued pursuant to authority granted in the Act and found in 29 CFR 516. Defendants' records failed to show adequately and accurately, among other things, the hours worked each workday and the total hours worked each workweek with respect to many employees, and also failed to show the regular rates at which they were

employed. Specifically, Defendants engaged in practices designed to conceal nonpayment of overtime premiums to these employees. These practices included directing employees to use multiple time cards with different names, altering time cards, and paying employees using checks made out to false names such as names of defendants' former employees or relatives of the employees.

## VIII

The period covered by this complaint is July 15, 2009 to the present. Throughout this period, Defendants have willfully and repeatedly violated and are violating the aforesaid provisions of the Act as alleged, and a judgment enjoining such violations is expressly authorized by Section 17 of the Act.

## IX

WHEREFORE, cause having been shown, Plaintiff prays judgment permanently enjoining and restraining Defendants, their agents, servants, employees and those persons in active concert or participation with them, or acting in their interest and behalf, from violating Sections 7, 11, 15(a)(2), and 15(a)(5) of the Act and for such other and further relief as may be necessary or appropriate, including the restraint of any withholding of payment of overtime compensation found by the Court to be due employees under the Act.

## X

Throughout the period from July 15, 2009 to the present, Defendants have willfully and repeatedly violated and are violating the aforesaid provisions of the Act. An award of the unpaid overtime compensation owed and an equal amount as liquidated damages is specifically authorized by Section 16(c) of the Act.

## XI

WHEREFORE, cause having been shown, Plaintiff prays judgment ordering payment of unpaid wages found by the Court to be due employees listed in the attached Exhibit A, plus an equal amount as liquidated damages and costs.

                          M. Patricia Smith
                          Solicitor of Labor

                          Michael D. Felsen
                          Regional Solicitor

Post Office Address:

                          */s/ Susan G. Salzberg*
                          Trial Attorney
Office of the Regional Solicitor      BBO No. 556437
JFK Federal Building - Room E-375
Boston, Massachusetts 02203
TEL: (617) 565-2500
FAX: (617) 565-2142                  U.S. Department of Labor
                                           Attorneys for Plaintiff