UNITED STATES DISTRICT COURT

FOR THE

DISTRICT OF MASSACHUSETTS

```
*********************************
THOMAS E. PEREZ, SECRETARY OF LABOR,    *
  United States Department of Labor,    *
                                        *
                    Plaintiff,          *
                                        *    CIVIL ACTION
             v.                         *
                                        *    FILE NO. 1:13-cv-13287
WARD'S CLEANING SERVICE, INC., and      *
DAVID WARD                              *
                                        *
                    Defendants.         *
*********************************
```

## CONSENT JUDGMENT AND ORDER

Plaintiff has filed a complaint and the defendants have appeared, received a copy thereof, and waived service of process. Defendants also hereby acknowledge assessment by plaintiff of civil money penalties in the amount of $163,900.00, waive notice and service requirements for the issuance of those penalties, and waive exception to those civil money penalties, all under section 16(e) of the Fair Labor Standards Act, as amended (29 USC 201 et seq.), hereinafter referred to as "the Act," and 29 C.F.R. sections 578 and 580. Without admitting or denying liability, defendants now consent to the entry of this judgment without contest.

It is, therefore,

1

ORDERED, ADJUDGED and DECREED that defendants, their agents, servants, employees, and all persons acting or claiming to act in their behalf and interest be, and they hereby are, permanently enjoined and restrained from violating the provisions of the Act, in any of the following manners:

Defendants shall not, contrary to sections 7 and 15(a)(2) of the Act, employ any employees who in any workweek are engaged in commerce or in the production of goods for commerce, or who are employed in an enterprise engaged in commerce or in the production of goods for commerce, within the meaning of the Act, for workweeks longer than forty hours, unless such employee receives compensation for his employment in excess of forty (40) hours at a rate not less than one and one-half times the regular rate at which he is employed.

Defendants shall not fail to make, keep, and preserve records of employees and of the wages, hours, and other conditions and practices of employment maintained by them as prescribed by the regulations issued, and from time to time amended, pursuant to section 11(c) of the Act and found in 29 CFR 516.

Further, the Court, finding as agreed to by the defendants, that the employees are due compensation in the amount of $ 1,033,877.26 (which is inclusive of back wages and liquidated damages), as shown on attached "Exhibit A" which is incorporated in and made a part hereof, it is

**ORDERED, ADJUDGED and DECREED** that the defendants are restrained from withholding payment of said compensation. The defendants represent that they have been in compliance with the Act since December 29, 2012. In resolving the amount of back wages in this judgment, the plaintiff has relied on this representation, and, accordingly, the back wage

provision of this judgment shall have no effect upon any back wages which may have accrued since that date. The back wage provisions of this judgment shall be deemed satisfied when the defendants deliver to plaintiff $516,938.63, in back wages, from which deductions for the defendants' employees share of social security and withholding taxes will be made by the Department of Labor, and $516,938.63 in liquidated damages, which is not subject to deductions, plus interest on any unpaid balance of both the back wages and liquidated damages at the rate of one percent per annum, compounded annually. Calculation of prejudgment interest at one percent per annum, compounded annually, shall commence on December 30, 2013, the date of the signing of this Consent Judgment, and shall continue through the date of entry of this Consent Judgment and Order.  Calculation of post-judgment interest at one percent per annum, compounded annually, shall commence on the date of entry of this Consent Judgment and Order, and shall continue until the balance owed on this Consent Judgment is paid in full. Defendants further agree to pay the employer's share of social security and withholding taxes to the appropriate authority for the back wages. These payments (back wages, liquidated damages and interest) will be in the form of gross certified checks made payable to "Wage and Hour Division-Labor", and will be paid in eight equal quarterly payments of $129,234.65 plus interest which will be paid in accordance with "Exhibit B", which is incorporated in and made a part hereof. The first such payment, in accordance with Exhibit B, will be due 30 days after signing this Judgment. These quarterly payments shall be sent, in accordance with the schedule in "Exhibit B", directly to:

                U.S. Department of Labor
                Wage and Hour Division
                Northeast Region
                The Curtis Center, Suite 850, West
                170 South Independence Mall, West

Philadelphia, PA 19106-3317
Attention: James Kolpack

A copy of said checks shall also be mailed to the following address: U.S. Department of Labor, Wage and Hour Division, Boston District Office, JFK Building, Room 525, 15 New Sudbury Street, Boston, MA, 02203.

On or before January 30, 2014, the defendants shall deliver to the United States Department of Labor, Wage and Hour Division, Northeast Regional Office, The Curtis Center, Suite 850 West, 170 S. Independence Mall West, Philadelphia, PA 19106, a statement showing the following: Employer's Federal ID number(s), the name of each employee listed in Exhibit A, and the employee's current address and social security number (to the extent known by the Defendants).

When recovered wages have not been claimed by the employees within three years, because of inability to locate employees or because of employees' refusal to accept such sums, the Secretary of Labor shall deposit them into the United States Treasury as miscellaneous receipts, pursuant to 29 USC 216(c).

Defendants shall not, under any circumstances, solicit repayment of any amount paid to any employee in connection with this Consent Judgment and Order. In the event any such amount is received from any employee, defendants shall immediately remit such amount to the U.S. Department of Labor at the Philadelphia, PA address set forth above.

It is also ORDERED, ADJUDGED and DECREED that defendants shall pay the civil money penalties in the amount of $163,900.00 to the Wage and Hour Division, issued pursuant to section 16(e) of the Act and 29 C.F.R. 578. The civil money penalty portion of this judgment will be deemed satisfied when, in accordance with the schedule set out in "Exhibit B" of this judgment, the defendants deliver to plaintiff $163,900.00. This civil money penalty payment

4

shall be made in the form of a certified check made payable to "Wage and Hour Division-Labor", and will be paid as the ninth quarterly payment in accordance with "Exhibit B", which is incorporated in and made a part hereof. The civil penalty payment will also be sent directly to:

> U.S. Department of Labor
> Wage and Hour Division
> Northeast Region
> The Curtis Center, Suite 850, West
> 170 South Independence Mall, West
> Philadelphia, PA 19106-3317
> Attention: James Kolpack[1]

Defendants shall not fail to deliver the amount due on or before the date it is due. In the event of such failure the entire balance of back wages, liquidated damages and civil money penalty shall immediately become due and owing.

It is ORDERED, ADJUDGED and DECREED and defendants hereby agree that on or before April 30, 2014, defendants will engage a qualified, independent consultant, with specific knowledge and experience regarding the requirements of the Act. The consultant shall provide an initial consultation to create a system which will ensure that the defendants' pay and recordkeeping practices are in compliance with the Act's requirements, and will, on a quarterly basis, beginning on May 30, 2014 and ending on May 30, 2016, submit a report to the District Director of the Boston District Office of the Wage and Hour Division, John F. Kennedy Federal Building, Room 525, Boston, MA 02203, which addresses any and all pay and/or recordkeeping problems revealed by the review, and shall detail any and all corrective actions taken by Defendants.

---

[1] As with the back wage payments, a copy of said civil penalty checks shall also be mailed to the following address: U.S. Department of Labor, Wage and Hour Division, Boston District Office, JFK Building, Room 525, 15 New Sudbury Street, Boston, MA, 02203.

5

It is further ORDERED, ADJUDGED and DECREED and each party hereby agrees that each party shall bear its own fees and other expenses incurred by such party in connection with any stage of this proceeding.

Dated  Feb. 20, 2014

*[Signature: Nathaniel M. Gorton]*
United States District Judge

Defendants hereby consent to entry of this judgment.

Ward's Cleaning Service, Inc.
Defendant

By _____
Daniel Field, Esq.
Morgan Brown and Joy

David Ward
Defendant

By _____
David Ward

Plaintiff moves for entry of This judgment:

M. Patricia Smith
Solicitor of Labor

Michael D. Felsen
Regional Solicitor

/s/ Susan G. Salzberg
Susan G. Salzberg
Trial Attorney

BBO#556437